J-S50010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CRISTOBAL MORALES | |
| Appellant | No. 188 MDA 2016 |

Appeal from the PCRA Order January 12, 2016
in the Court of Common Pleas of Berks County Criminal Division
at No(s):    CP-06-CR-0001032-2013
CP-06-CR-0003684-2009

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2016**

Appellant, Cristobal Morales, appeals *pro se* from the order entered in the Berks County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant contends that his July 8, 2013 sentence[2] following his convictions for possession of a controlled substance with intent to deliver[3] ("PWID") is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[4]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Docket No. CP-06-CR-0003684-2009 is not before us on appeal.  In that instance, Appellant was sentenced on convictions for aggravated assault, simple assault, and resisting arrest to a term of 29 days to 23 months' imprisonment followed by two years' probation.  Appellant only raises issues relating to his mandatory sentence in Docket No. CP-06-CR-0001032-2013.

[3] 35 P.S. § 780-113(a)(30).

On July 8, 2013, the trial court sentenced Appellant to an aggregate term of 5-13 years' imprisonment for two counts of PWID. Appellant did not file a direct appeal. On July 17, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel on December 10, 2015. Counsel filed a "no-merit" letter requesting leave to withdraw appearance pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel leave to withdraw.

On December 14, 2015, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a written response to the Rule 907 notice. On January 12, 2016, the PCRA court dismissed the petition as untimely without a hearing. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[5] Appellant raises the following issue for our

---

[4] We note that **Alleyne** was decided on June 17, 2013.

[5] Appellant raised the following issues in his Rule 1925(b) statement:

> 1) Did the PCRA court err and abused [sic] its discretion by dismissing Appellant's [PCRA petition] without a hearing?
>
> 2) Did the PCRA court err and abused [sic] its discretion by claiming Appellant's [PCRA petition] was untimely?
>
> 3) Is **Alleyne v. United States** retroactive?

1925(b) Concise Statement of Errors Complained of on Appeal, 2/16/16, at 1-2 (unpaginated).

review: "As applied, is 42 Pa. C.S.A. § 9543 unconstitutional?" Appellant's Brief at 8.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). Before weighing the substantive merits of Appellant's arguments, however, we consider whether this Court has jurisdiction over the present case. If the PCRA petition is untimely, then there is no subject matter jurisdiction over the case. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008). As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See, e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (parallel citations omitted). Even if the legality of the sentence itself is in question,

- 3 -

courts lack jurisdiction to hear an untimely PCRA petition. *Fahy*, 737 A.2d at 223 (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

In order to satisfy the timeliness requirement, a PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The PCRA enumerates three exceptions to this time limitation:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

This Court has addressed whether *Alleyne* creates a new constitutional right that applies retroactively to untimely PCRA petitions. We

- 4 -

held in **Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa. Super. 2015), that

**Alleyne** does not satisfy the requirements of the PCRA time-bar exception.

As this Court has explained:

> It is also settled that **Alleyne** does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:
>
>> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.
>
> **Id.** at 995 (citations omitted) (emphasis supplied).

**Ruiz**, 131 A.3d at 58. Therefore, a claim involving **Alleyne** "may be raised

[only] on direct appeal, **or** in a timely filed PCRA petition." **Id.** at 60.

Appellant was sentenced on July 8, 2013. Appellant did not file a

direct appeal. Thus, his judgment of sentence became final on August 7,

2013. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at

the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review[ ]"). Appellant generally

had until August 7, 2014, to file his PCRA petition. Appellant filed the instant petition on July 17, 2015. Therefore, it is facially untimely.

Appellant argues that the United States Supreme Court's decision in *Alleyne* provides a new constitutional rule of law that applies retroactively to his case. Appellant's Brief at 11. Moreover, he argues that PCRA time restrictions cannot apply to sentences that were later deemed unconstitutional as they are "void ab initio." *Id.* at 13-14. We find no relief is due. *Alleyne* does not apply retroactively to an untimely PCRA. *See Ruiz*, 131 A.3d at 60. Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Copenhefer*, 941 A.2d at 648. Therefore, the PCRA court lacked jurisdiction to consider the legality of Appellant's sentence. *See Whitney*, 817 A.2d at 477-78; *Fahy*, 737 A.2d at 223. The PCRA court did not err in dismissing his PCRA petition as untimely. *See Wilson*, 824 A.2d at 833.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016

- 6 -